UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
WESTCHESTER FITNESS, LLC, HOLLY
WALLMAN, and JASON WALLMAN,

                    Plaintiffs,                    **MEMORANDUM & ORDER**
                                                          20-CV-699 (PKC) (LB)

       - against -

RETROFITNESS, LLC, ROBERT
SPRECHMAN, and JANE AND JOHN DOES
1–10,

                    Defendants.
-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Franchisee Plaintiffs Westchester Fitness, LLC ("Westchester Fitness"), Holly Wallman, and Jason Wallman ("the Wallmans") brought this action against franchisor Defendants Retrofitness, LLC ("Retrofitness"), Robert Sprechman (collectively "Retrofitness Defendants"), and Jane and John Does 1–10 in the Supreme Court of the State of New York, Suffolk County, alleging state-law violations in connection with the parties' Franchise Agreement and the renewal thereof. (*See generally* Complaint ("Compl."), Dkt. 1-1.) The Retrofitness Defendants removed the action to this Court on February 7, 2020. (*See* Notice of Removal ("Notice"), Dkt. 1.) At the parties' request, the case was stayed for six months. (*See* 3/30/2020, 6/5/2020, 8/3/2020, and 8/21/2020 Docket Orders.) Once the stay was lifted on September 21, 2020, Defendants moved to compel arbitration. (Motion to Compel Arbitration ("Defs.' Mot."), Dkt. 21.) Plaintiffs subsequently moved for leave to file a supplemental complaint and join non-diverse parties, the joinder of which would require remand. (Dkts. 28, 31.) Upon review of the record, the Court has determined that it lacks subject-matter jurisdiction, and remands the case to state court.[1]

1

## BACKGROUND

In 2008, the Wallmans decided to invest in a Retrofitness franchise. (Compl., Dkt. 1-1, ¶ 10.) With a group of minority investors, the Wallmans raised over $1.8 million in startup costs to operate a franchise through Westchester Fitness in East Farmingdale, New York. (*Id.* ¶¶ 14, 111; *see* Franchise Agreement, Ex. F, Dkt. 27-6, at 1.) The parties executed a ten-year Franchise Agreement set to expire in September 2019. (*See* Compl., Dkt. 1-1, ¶¶ 123, 126; Franchise Agreement, Ex. F, Dkt. 27-6.) The business did not perform as well as the Wallmans had hoped and, from 2015 through 2017, Plaintiffs made efforts to sell the franchise but could not find a buyer. (*Id.* ¶¶ 15, 18–22.) Eventually, the Wallmans decided to invest more capital into Westchester Fitness and renew the Franchise Agreement. (*Id.* ¶ 23.) Despite several months of renewal negotiations, the parties were unable to come to an agreement regarding the drafting of a new franchise agreement. (*Id.* ¶¶ 32–83.) Shortly thereafter, in November 2019, Retrofitness commenced an action against Westchester Fitness and Holly Wallman in New Jersey Superior Court (the "New Jersey action"), alleging breach of the Franchise Agreement, violation of the Lanham Act, and trade dress infringement. (Proposed Supplemental Complaint ("Supp. Compl."), Dkt. 28, ¶ 107 (citing *Retrofitness LLC v. Westchester Fitness, LLC*, No. L-4140-19 (MON) (N.J. Super. Ct. Nov. 21, 2019)); *see also id.* ¶ 114.)

On January 2, 2020, Plaintiffs filed the instant action against the Retrofitness Defendants in the New York Supreme Court, alleging state-law violations in connection with the Franchise Agreement and the renewal thereof. (*See generally* Compl., Dkt. 1-1.) The Retrofitness Defendants removed the action to this Court on February 7, 2020, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See generally* Notice, Dkt. 1.) The Retrofitness Defendants state in their Notice of Removal that "this Court has jurisdiction over this matter under 28 U.S.C.

§ 1332(a)(1), insofar as the Plaintiff has alleged damages of roughly $1.8 million and, while the Plaintiff is a citizen of the State of New York, the Defendants are citizens of Florida and New Jersey, respectively." (*Id.* at 1; *see also* Compl., Dkt. 1-1, ¶¶ 5 (alleging that Westchester Fitness is a New York limited liability company ("LLC") with its principal place of business in New York), 6 (alleging that Retrofitness is a Delaware LLC with its principal place of business in Florida).)

At the parties' joint request, the case was stayed between March 30, 2020 and September 21, 2020. (*See* 3/30/2020, 6/5/2020, 8/3/2020, and 8/21/2020 Docket Orders.)[2] On September 21, 2020, Defendants filed a pre-motion conference ("PMC") request in connection with a motion to dismiss and motion to compel arbitration pursuant to the Franchise Agreement's arbitration clause. (Defs.' Mot., Dkt. 21). The Court construed the PMC request as the motions themselves and directed Plaintiffs to respond. (*See* 9/24/2020 Docket Order.) Plaintiffs filed an amended complaint[3] on October 14, 2020 (Dkts. 26, 27), a motion to supplement the amended complaint on October 15, 2020 (Dkt. 28), and a PMC request in connection with motions for joinder and remand on October 22, 2020 (Plaintiffs' Motion for a Pre-Motion Conference, Dkt. 31). The Court construed those filings as a motion for leave to file a supplemental complaint and motion to remand, to which Defendants were directed to respond. (*See* 11/2/2020 Docket Order.) The Court held oral argument on all of the pending motions on December 15, 2020. (*See* 12/15/2020 Minute Entry.)

On February 1, 2021, after considering the parties' motion briefing and oral argument, the Court *sua sponte* issued an order directing the parties to file supplemental briefing on Westchester Fitness's and Retrofitness's citizenship, in light of the fact that each entity is an LLC and "[f]or purposes of diversity jurisdiction, an LLC has the citizenship of each of its members." (2/1/2021

3

Docket Order (quoting *Bischoff v. Boar's Head Provisions Co.*, 436 F. Supp. 2d. 626, 634 (S.D.N.Y. 2006)).) The parties filed their supplemental submissions on February 16, 2021. (Dkts. 37, 38.)

## DISCUSSION

Though Plaintiffs' remand motion is premised on the proposed joinder of non-diverse defendants, the Court has the authority to remand this case on different grounds. The relevant statute states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [S]ection 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject-matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citing, *inter alia*, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Diversity jurisdiction pursuant to 28 U.S.C. § 1332 "requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants." *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 95 (E.D.N.Y. 2019) (quoting *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014)); *see also Wash. Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 133 (2d Cir. 2020) ("It is axiomatic that 'diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships.'" (quoting *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001))). For purposes of establishing diversity jurisdiction, an individual is considered a citizen of their state of domicile, *i.e.*, "the place where [they] ha[ve] [their] true fixed home and principal establishment, and to which, whenever [they are] absent, [they have] the intention of returning." *Palazzo ex rel.*

*Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). "Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 47–49 (1989)). An LLC, on the other hand, "takes the citizenship of its members." *Avant Cap. Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) (citing, *inter alia*, *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)); *see also U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 409 (E.D.N.Y. 2020).

Defendants allege in their Notice of Removal that the Wallmans are citizens of New York, and that Defendant Sprechman is a citizen of New Jersey. (*See* Notice, Dkt. 1, at 1; *see also* Supp. Compl., Dkt. 28, ¶¶ 9–10, 12.) However, the parties did not properly allege the citizenship of Westchester Fitness or Retrofitness in the Complaint, Proposed Supplemental Complaint, or Notice of Removal. (*See* Notice, Dkt. 1, at 1; Compl., Dkt. 1-1, ¶¶ 5–6; Supp. Compl., Dkt. 28, ¶¶ 8, 11.) The parties instead appear to conflate the citizenship rule for LLCs with that for corporations, which are "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1). Plaintiffs allege that Westchester Fitness "is a New York [LLC] with its principal place of business" in New York, and that Retrofitness "is a[n] [LLC] organized and existing under and by virtue of the laws of the State of Delaware, with a principal place of business" in Florida. (*See* Compl., Dkt. 1-1, ¶¶ 5–6; *see also* Supp. Compl., Dkt. 28, ¶¶ 8, 11.) The Retrofitness Defendants allege simply in their Notice of Removal that "Plaintiff is a citizen of the State of New York, [and] the Defendants are citizens of Florida and New Jersey, respectively." (Notice, Dkt. 1, at 1.)

5

In their supplemental submissions, the parties state that Westchester Fitness's members are citizens of New York, New Jersey, Florida, and Israel (Dkt. 38), and that Retrofitness's members are citizens of Florida, Illinois, and Connecticut (Dkt. 37). Westchester Fitness is thus a citizen of New York, New Jersey, Florida, and Israel, and Retrofitness is a citizen of Florida, Illinois, and Connecticut. *See Bischoff*, 436 F. Supp. 2d at 634. Because both Westchester Fitness and Retrofitness are citizens of Florida, the parties lack complete diversity, and this Court lacks subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.

## CONCLUSION

For the foregoing reasons, this case is remanded to the Supreme Court of the State of New York, Suffolk County, under Index No. 600083/2020, for lack of federal subject-matter jurisdiction. The Clerk of the Court is respectfully directed to terminate this matter.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 23, 2021
         Brooklyn, New York

---

[1] The Court notes, with considerable frustration at both parties, that remand is being ordered *not* because of Plaintiffs' proposed joinder of non-diverse defendants, but because of the lack of diversity *from the outset* of the case, which the Court had to determine on its own after wasting time and resources on the parties' competing motions, all of which utterly failed to identify this fundamental issue. Counsel for both parties should familiarize themselves with the basics of federal subject-matter jurisdiction.

[2] The parties' stay request was based on the New York Governor's COVID-related Executive Order mandating closure of fitness facilities, which the parties explained had "created havoc in the industry. As a result, the parties, while being close to resolving the matter, have had to pause negotiations as key components of the settlement cannot be completed because of the COVID-19 pandemic." (Dkt. 10.)

---

<sup>3</sup> Plaintiffs' counsel would do well to remember that, while a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), it should consist of "a *short and plain* statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (emphasis added). Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." (alteration, internal quotations, and citations omitted)); *Infanti v. Scharpf*, No. 06-CV-6552 (ILG), 2008 WL 2397607, at *1 (E.D.N.Y. June 10, 2008) ("Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed." (quoting *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972))).

Plaintiff's Proposed Supplemental Complaint, submitted as an Amended Complaint, comprises 531 paragraphs over 169 pages, describes in detail what appears to be every interaction and conversation between the parties during the relevant period, and references 1,420 pages of exhibits. (*See generally* Supp. Compl., Dkt. 28; Exs. A–K, Dkts. 27-1–11.) Such lengthy pleadings—particularly the seventy-one verbatim reproductions of email exchanges between the parties, some of which span several pages (*see* Supp. Compl., Dkt. 28, ¶¶ 33, 35, 37, 45–46, 52, 54–58, 69, 74–75, 83, 89–91, 100, 106, 118–19, 126, 144, 147–49, 154, 156, 157, 159, 164–70, 173–74, 178, 240–43, 263–67, 269, 270–73, 275–76, 278, 280–83, 285–91, 293)—are completely unnecessary, counter-productive, and plainly violate the brevity requirement of the Federal Rules of Civil Procedure. And in general, repetitive conclusions do little to bolster Plaintiffs' case. For example, Plaintiffs need not include seventeen iterations of the same statement to convey their point:

- "In sum, the total standstill of business, commerce, and everyday life in New York for months, and the severe limitations placed on the operation of fitness centers in New York in particular, has completely and unforeseeably frustrated the purpose of the Lease, and has rendered performance impossible." (*Id.* ¶ 6.)

- "This shut down has, thus utterly and irreversibly frustrated the purpose of the Landlord and Westchester Fitness's agreements[.]" (*Id.* ¶ 247.)

- "In other words, the purpose of tendering a monthly rent to operate Westchester Fitness's fitness facility is completely frustrated when the facility cannot open." (*Id.* ¶ 250.)

- "Accordingly, given the near 6 month shut down of all New York fitness facilities . . . the purpose of the Lease has been frustrated and therefore should be rescinded." (*Id.* ¶ 252.)

- "As a result of its total inability to operate its business by government order, Westchester Fitness's performance under the Lease was excused by, *inter alia*, the doctrines of frustration of purpose and impossibility of performance[.]" (*Id.* ¶ 258.)

- "In addition, in light of the frustration of purpose and impossibility of performance caused by the COVID-19 Pandemic, and related government shut-down orders and restrictions placed on the operation of fitness centers in New York, Westchester Fitness elected to rescind the Lease as asserted herein." (*Id.* ¶ 297.)

- "Unfortunately, as a result of the governmental lockdown restrictions resulting from the COVID-19 Pandemic, Westchester Fitness was expressly precluded by law from operating its fitness center at the Premises, and thus the very purpose of the Lease has been completely frustrated[.]" (*Id.* ¶ 306.)

- "The COVID-19 Pandemic and Executive Order 202.3 have completely frustrated the very purpose of the Lease, and made it impossible for the parties to perform." (*Id.* ¶ 317.)

- "Because of the COVID-19 Pandemic, Westchester Fitness cannot operate its facility at the Premises consistent with the parties' fundamental understanding, purpose, and expectation at the time the Lease was entered." (*Id.* ¶ 318.)

- "Westchester Fitness' inability to operate its store has completely frustrated the purpose of the Lease and rendered performance impossible." (*Id.* ¶ 319.)

- "[T]he inability to operate as a fitness center free from the restrictions imposed by the government on the use, occupancy and operations . . . constitute a breach of the Lease[.]" (*Id.* ¶ 323.)

- "Accordingly, as a result of the COVID-19 Pandemic and Executive Orders, the Lease is terminated and also rescinded by the legal doctrines of frustration of performance and impossibility of performance[.]" (*Id.* ¶ 324.)

- "Specifically, the Landlord Defendants seek to enforce the Lease despite the fact that the Lease is rescinded under the doctrine of frustration of purpose." (*Id.* ¶ 461.)

- "Therefore, Plaintiff seeks a declaratory judgment of its rights under the doctrine of frustration of purpose." (*Id.* ¶ 467.)

- "When Plaintiff was forced to cease all operations at the Premises, the purpose of the Lease was frustrated and impossible to effectuate due to no fault of Plaintiff." (*Id.* ¶ 481.)

- "When Plaintiff was forced to cease all operations at the Premises, the purpose of the Lease was frustrated and impossible to effectuate due to no fault of Plaintiff." (*Id.* ¶ 522.)

- "This sudden mandatory cessation of operations at the Premises was unforeseeable and not contemplated by the Plaintiff[.]" (*Id.* ¶ 523.)